UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVIE BARFIELD, parent of Brian
Barfield, Decedent, BRENDA
BARFIELD, parent of Brian Barfield,
Decedent,

           Plaintiffs,

v.

NIAGARA FRONTIER TRANSIT
AUTHORITY, NIAGARA FRONTIER
METRO SYSTEM, QUANDRA
PARRETT FORD,

           Defendants.
_____

21-CV-1168 (JLS) (JJM)



## DECISION AND ORDER

Plaintiffs Stevie and Brenda Barfield commenced this action on October 29, 2021, seeking relief against Defendants Niagara Frontier Transit Authority, Niagara Frontier Transit Authority Metro System, and Quandra Parrett Ford for the death of their son. Dkt. 1. After Defendants answered the complaint, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 4.

Thereafter, the parties engaged in discovery. On May 23, 2022, Plaintiffs moved to compel production of documents. Dkt. 23. Judge McCarthy denied Plaintiffs' motion to compel on September 7, 2022. Dkt. 37. Plaintiffs moved for reconsideration of Judge McCarthy's order, which Judge McCarthy denied on December 14, 2022. Dkt. 38; Dkt. 47.

On December 19, 2022, Plaintiffs moved for Judge McCarthy's recusal, citing his former representation of a Defendant and two occasions that Plaintiffs claim he "seemed biased to the NFTA." Dkt. 48. Judge McCarthy denied Plaintiffs' motion on December 21, 2022. Dkt. 49. He explained that "in the 1980s or so when [he] was in private practice, [he] represented the NFTA in a couple of cases." *Id.* at 1. Judge McCarthy noted that nothing about that long-ago representation would affect how he handed this case. *Id.*

On January 24, 2023, this Court received a letter from Plaintiffs regarding their motion for recusal, which stated their belief that, "because Judge McCarthy once worked for or represented the NFTA, a Defendant in th[is] lawsuit, . . . this would be a conflict of interest and an . . . appearance of impropriety." Dkt. 52, at 2. In its discretion, this Court construed Plaintiffs' letter as objections to Judge McCarthy's decision and order and directed Defendants to respond. Dkt. 53. Defendants responded in opposition on January 26, 2023. Dkt. 54.

A district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous only if[,] 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citations omitted). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies

2

relevant statutes, case law, or rules of procedure. *See, e.g., In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

This Court carefully reviewed Judge McCarthy's decision and order and the parties' submissions. Based on that review and the relevant authority, the Court concludes that Judge McCarthy's decision and order was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In particular, the Court sees no basis for recusal on these facts under the law, the code of conduct, or ethics guidance. *See Singh v. Garland*, No. 21-CV-479, 2021 WL 9463089, at *1–*3 (W.D.N.Y. Aug. 26, 2021). The Court therefore affirms Judge McCarthy's decision and order, and refers the case back to Judge McCarthy for further pre-trial proceedings consistent with the December 3, 2021 referral order (Dkt. 4).

SO ORDERED.

Dated:   February 10, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE