UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

STEVIE BARFIELD, parent of Brian
Barfield, decedent, BRENDA
BARFIELD, parent of Brian Barfield,
decedent,

        Plaintiffs,

v.

NIAGARA FRONTIER TRANSIT
AUTHORITY, NIAGARA FRONTIER
METRO SYSTEM, QUANDRA
PARRETT FORD,

        Defendants.

21-CV-1168 (JLS) (JJM)

___

## DECISION AND ORDER

Plaintiffs Stevie and Brenda Barfield commenced this case in October 2021, when they filed a complaint against Defendants Niagara Frontier Transit Authority, Niagara Frontier Metro System, and Quandra Parrett Ford related to the death of their son, Brian Barfield, who was struck and killed by a train at the Lasalle Station in October 2020. See Dkt. 1, at 5.[1] Defendants answered and filed a counterclaim (Dkt. 3), which Plaintiffs answered (Dkt. 5).

___

[1] Page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings—including, but not limited to, supervising discovery, deciding all non-dispositive motions, and issuing a report and recommendation to this Court on any dispositive motions—pursuant to 18 U.S.C. §§ 636(b)(1)(A), (B) and (C). Dkt. 4.

Judge McCarthy handled several discovery disputes, including Plaintiffs' motion to compel production of additional documents and related motion for reconsideration (*see* Dkt. 37; Dkt. 47), Plaintiffs' motion for sanctions (*see* Dkt. 67), and Plaintiffs' motion to suppress video evidence produced by Defendants (*see* Dkt. 77). He also decided Plaintiffs' motion to transfer venue. *See* Dkt. 78. And Judge McCarthy denied Plaintiffs' motion for recusal (Dkt. 49), which this Court affirmed after construing a letter from Plaintiffs as a timely objection to that decision (Dkt. 60).

Plaintiffs moved for reconsideration of the decision and order denying their sanctions motion. Dkt. 68; *see also* Dkt. 73.[2] Defendants moved for summary judgment. Dkt. 75; *see also* Dkt. 76. Plaintiffs responded in opposition. Dkt. 83; Dkt. 84; Dkt. 85. Defendants replied. Dkt. 87. Judge McCarthy heard oral argument on Defendants' summary judgment motion and reserved decision. Dkt. 88.

---

[2] Plaintiffs also addressed a letter to this Court regarding their sanctions motion and related motion for reconsideration. Dkt. 74. Defendants addressed a letter in response to this Court (Dkt. 80), and Plaintiffs filed a letter objecting to Defendants' letter (Dkt. 81). This Court issued a text order noting that the issues raised in the parties' letters were, at that time, pending before Judge McCarthy. Dkt. 82.

2

Judge McCarthy issued a combined decision and order and report and recommendation (the "R&R"): (1) denying Plaintiffs' motion for reconsideration of his March 13, 2023 decision and order denying their sanctions motion; and (2) recommending that this Court grant Defendants' summary judgment motion in its entirety. Dkt. 89.

## I. Plaintiffs' Objections and Motion to Amend Sanctions Motion

Plaintiffs objected to "the entire" R&R—both as to the order denying their motion for reconsideration of the decision and order on their sanctions motion and as to the recommendation to grant Defendants' summary judgment motion. Dkt. 104. They also filed a motion to amend their sanctions motion.[3] Dkt. 103. In connection with their objections, Plaintiffs filed several affidavits and submitted evidence. *See* Dkt. 90; Dkt. 91; Dkt. 99; Dkt. 100; Dkt. 101; Dkt. 102. Defendants opposed Plaintiffs' objections, as well as Plaintiffs' motion to amend their sanctions motion (Dkt. 107), and Plaintiffs replied (Dkt. 108).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[3] The Court grants Plaintiffs' motion to amend their sanctions motion, to the extent that the Court has considered the additional arguments and evidence raised in that motion when resolving Plaintiffs' objections to the R&R. In other words, the Court has considered Plaintiffs' motion to amend their sanctions motion as a supplement to their objections to the R&R.

3

A district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous if[,] 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citations omitted). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

### A. Sanctions

Plaintiffs first object to the R&R's denial of their motion for reconsideration of the order denying their sanctions motion—a non-dispositive motion to which the clear-error/contrary-to-law standard applies. They argue that Defendants should be sanctioned for spoliation of evidence because Defendants: (1) failed to preserve video from October 29, 2020, the date of their son's death; (2) destroyed evidence by failing to administer a blood-alcohol test to Defendant Parrett Ford within two hours of the incident; (3) intentionally deleted two seconds of telemetry data from the train; and (4) falsified training records and accident reports. *See* Dkt. 103, at 2–4.

The Court carefully reviewed Plaintiffs' objections to the sanctions portion of the R&R, as well as the relevant record—including Plaintiffs' motion to amend their sanctions motion—and concludes that Judge McCarthy's conclusions regarding sanctions are neither clearly erroneous nor contrary to law. The Court, therefore,

affirms that decision and denies Plaintiffs' motion for reconsideration regarding sanctions.

## B. Summary Judgment

Plaintiffs also object to the R&R's recommendation to grant Defendants' summary judgment motion. The Court reviews Plaintiffs' objections to this recommendation, and the conclusions supporting it, *de novo*.

First, Plaintiffs dispute Judge McCarthy's conclusion that the video was unambiguous. *See* Dkt. 104, at 5–7.[4] Second, Plaintiffs object to Judge McCarthy's conclusion that Defendant Parrett Ford did not have enough time to stop the train after seeing Brian Barfield on the tracks. *See* Dkt. 104, at 7–8. Third, Plaintiffs argue that the R&R erred by concluding that Defendants did not breach a duty of care, in light of Defendant Parrett Ford's lack of experience driving trains and poor driving record in the past, which they claim establish Defendants' liability under a negligent entrustment theory. *See id.* at 8–10. Fourth, Plaintiffs argue that Defendants breached a duty by failing to (1) timely test Defendant Parrett Ford for alcohol, and (2) administer a blood-alcohol test. *See id.* at 10–12. Fifth, Plaintiffs argue that the R&R erred in concluding that Defendants did not owe a duty to Brian Barfield, citing an anonymous tip regarding involvement of a criminal element and unrelated incidents of violence that purportedly occurred on NFTA property at other

---

[4] Plaintiffs imply that Judge McCarthy relied on the medical examiner's conclusion that the manner of death was suicide. *See id.* at 5–6, 18–19. But the R&R is clear that it was "irrelevant for purposes of [Defendants'] motion [for summary judgment] whether Brian Barfield intended to harm himself or not." Dkt. 89, at 10. The R&R cites the medical examiner's report only in the background section. *See id.* at 2.

5

times. *See id.* at 13. Sixth, Plaintiffs object to the R&R's conclusion that no triable issues of fact exist, outlining several issues with Defendants' experts and naming new experts that Plaintiffs would offer, along with what those people would say. *See id.* at 14–18.[5]

Based on its thorough, *de novo* review of Judge McCarthy's R&R and the relevant record, the Court accepts and adopts Judge McCarthy's recommendation to grant Defendants' summary judgment motion.

Plaintiffs submitted new legal arguments and new evidence in their objections to the R&R. First, the expert evidence that Plaintiffs offered in support of their objections—in August 2023—is well outside of the deadline set by Judge McCarthy, which required the parties to "identify . . . expert(s) and provide reports pursuant to Rule 26 by no later than September 30, 2022" (for issues on which the offering party bore the burden of proof) and "by no later than October 31, 2022" (for any response to the opposing party's expert or on issues on which the offering party did not bear the burden of proof). *See* Dkt. 36, at 1 (Amended Case Management Order); Dkt. 101 (manually filed video exhibit); Dkt. 104 (attaching new exhibits, including from a previously undisclosed expert). Second, Plaintiffs' new arguments and evidence conflict with Federal Rule of Civil Procedure 72(b), which does not allow a litigant to present new matters to the district judge. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) ("We hold categorically that

---

[5] The Court lists these objections to the R&R as a means of summarizing the broad categories of objections in Plaintiffs' submissions. But the Court has considered each point and argument raised by Plaintiffs in reaching this decision and order, even if not explicitly mentioned here. *See, e.g., id.* at 18–23.

6

an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); *see also Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. Jan. 24, 2000) (citing *Paterson-Leich Co.*, 840 F.2d at 990–91, and concluding that district court did not abuse discretion by declining to consider defense not raised before magistrate judge).

The Court recognizes that Plaintiffs are proceeding *pro se* and, accordingly, has construed their submissions liberally, "to raise the strongest arguments they suggest." *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks and citation omitted). But *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them . . . especially . . . in civil litigation." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (internal quotation marks and citations omitted). Plaintiffs disclosed an expert and submitted evidence in response to Defendants' summary judgment motion, indicating they understood that they could—and must—submit evidence to oppose Defendants' motion. *See* Dkt. 85. Under these circumstances, Plaintiffs' *pro se* status does not excuse their failure to adhere to the relevant rules and procedures. *See Johnson v. U.S. Dep't of Homeland Sec.*, No. 09-cv-975, 2010 WL 2560485, at *2 (N.D.N.Y. June 24, 2010).[6]

---

[6] Nevertheless, based on the Court's evaluation of Plaintiffs' proffered new evidence and expert testimony, that evidence—even if the Court were to consider it—does not create an issue of material fact because it variably addresses the wrong timeframe, is speculative, or is otherwise related to collateral matters.

7

## II. Plaintiffs' Motion to Unseal

As noted above, Plaintiffs submitted evidence in opposition to Defendants' summary judgment motion. *See* Dkt. 85. Because "the exhibits to [P]laintiffs' opposition to [D]efendants' motion for summary judgment contain a number of personal identifiers and other sensitive materials," Judge McCarthy "initially docketed them under seal in their entirety." Dkt. 86 (document references omitted). Judge McCarthy directed the parties to "confer and . . . identify proposed documents that require sealing in whole or in part, and [to] supply proposed redacted versions for public filing." *Id.* In the spirit of Judge McCarthy's order, this Court ordered that the exhibits attached to Plaintiffs' reply (Dkt. 99) be sealed until the broader sealing issue was resolved. *See* Dkt. 99.

It appears that the parties conferred as directed but were unable to reach an agreement about proposed redactions. *See* Dkt. 97-1; Dkt. 97-2. The issue now is before this Court on Plaintiffs' motion to unseal documents. Dkt. 95. Defendants responded to Plaintiffs' motion (Dkt. 97), and Plaintiffs replied (Dkt. 98).

After studying the parties' briefing and the relevant authority, the Court will allow the redactions identified in Federal Rule of Civil Procedure 5.2(a), and only those redactions. The Court denies Defendants' request for wholesale sealing of the DMV records listed in their opposition. *See* Dkt. 97, at 3 ¶¶ 6(a)–(g).

By **August 30, 2024,** Defendants shall submit to chambers a set of Plaintiffs' Exhibits A–T in opposition to Defendants' summary judgment motion (Dkt. 85) and the exhibits attached to Plaintiffs' reply in further support of their motion to unseal

(Dkt. 99) that contain proposed redactions, consistent with the parameters in Rule 5.2(a). The Court will publicly file these redacted exhibits.

Finally, as a point of clarification, the Court has considered all of Plaintiffs' exhibits—including the currently sealed exhibits—when resolving the parties' motions and issuing this decision and order. The Court issues this order regarding redactions to ensure that documents are not unnecessarily shielded from the public.

## CONCLUSION

For the reasons stated above and in the R&R, the Court:

- GRANTS Defendants' motion for summary judgment (Dkt. 75);

- GRANTS Plaintiffs' motion to amend their sanctions motion (Dkt. 103) to the extent that the Court has considered the additional arguments and evidence raised in that motion when resolving objections to the R&R; and

- GRANTS, IN PART, Plaintiffs' motion to unseal (Dkt. 95), as set forth above.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated:  August 16, 2024
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE