UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

STEVIE BARFIELD and BRENDA
BARFIELD, *Parents of Decedent Brian Barfield*,

Plaintiffs,

v.

NIAGARA FRONTIER TRANSIT
AUTHORITY, NIAGARA FRONTIER
METRO SYSTEM, and QUANDRA
PARRETT FORD,

Defendants.

21-CV-1168 (JLS) (JJM)

---

### ORDER TO SHOW CAUSE

Plaintiffs Stevie and Brenda Barfield brought this diversity action on October 29, 2021. Dkt. 1. This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 4. Defendants Niagara Frontier Transit Authority, Niagara Frontier Metro System, and Quandra Parrett Ford moved for summary judgment, Dkt. 75, and on July 7, 2023, Judge McCarthy issued a Report & Recommendation ("R&R"), recommending, as relevant here, that Defendants' motion should be granted in its entirety, Dkt. 89. Plaintiffs objected to the R&R, Dkt. 104, Defendants responded to Plaintiffs' objections, Dkt. 107, and Plaintiffs replied, Dkt. 108.

This Court accepted and adopted Judge McCarthy's R&R in full on August 16, 2024. Dkt. 109. The Clerk of the Court then entered judgment in favor of Defendants and closed the case. Dkt. 110.

Plaintiffs now move for relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Dkt. 111. But the Court is concerned about subject matter jurisdiction over this action and, as such, issues this order to show cause to obtain the parties' positions on the matter. *See Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206–07 (2d Cir. 2024) (explaining that "federal courts must ensure that they do not lack subject-matter jurisdiction, even if the parties fail to identify any jurisdictional defect" (citation modified)).

## DISCUSSION

There are two types of death claims under New York's Estates, Powers and Trusts Law ("EPTL"). *See Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 121 (2011). The first type "belongs to the decedent's distributees[1] and is designed to compensate the distributees themselves for their pecuniary losses[2] as a result of the wrongful act." *Heslin v. County of Greene*, 14 N.Y.3d 67, 76 (2010); *see* N.Y. Est. Powers & Trusts Law § 5–4.3(a). The second type is for the decedent's "conscious

---

[1] "A distributee is a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution." N.Y. Est. Powers & Trusts Law § 1–2.5.

[2] Pecuniary losses are "injuries measurable by money," including "loss of support, voluntary assistance and possible inheritance, as well as medical and funeral expenses incidental to death." *Gonzalez v. N.Y.C. Hous. Auth.*, 77 N.Y.2d 663, 667–68 (1991) (citation modified). "Recovery for grief, loss of society, affection, conjugal fellowship and consortium" is unavailable. *Id.* at 668 (citation modified).

2

pain and suffering [and] belongs to the estate of the deceased, rather than the distributees." *Cragg*, 17 N.Y.3d at 121; *see* N.Y. Est. Powers & Trusts Law § 11–3.2(b). But "to state a claim for conscious pain and suffering, [a] plaintiff[] must allege that the injured party was conscious for some period of time following the injury." *Ocasio v. City of Canadaigua*, 513 F. Supp. 3d 310, 328 (W.D.N.Y. 2021) (citation modified).

In this case, it is unclear from the face of Plaintiffs' complaint whether the amount-in-controversy requirement for diversity jurisdiction has been met. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) ("Diversity is measured as of the time the action is brought . . . ."). Plaintiffs do not allege that their son, Brian Barfield, was conscious at any point after he was struck by a train at LaSalle Station on October 29, 2020. *See* Dkt. 1 at 5. They also do not allege that Brian's death caused them to suffer more than $75,000 in pecuniary losses. *See id.* Plaintiffs do, however, seek $12 million in punitive damages. *See id.*

"Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied *if punitive damages are allowed under controlling law.*" *Bindrum v. Am. Home Assur. Co. Inc.*, 441 F. App'x 780, 782 (2d Cir. 2011) (emphasis added). And in New York wrongful death actions, "punitive damages are awarded in 'circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such conscious and deliberate disregard of the interests of others that the conduct may be called [willful] or wanton.'" *Cleveland v. Perry*, 175 A.D.3d

3

1017, 1020 (4th Dep't 2019) (quoting *Prozeralik v. Cap. Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479 (1993)). But Plaintiffs do not allege that Defendants engaged in any such conduct and, accordingly, their request for punitive damages cannot establish the amount in controversy sufficient for diversity jurisdiction. *See Bindrum*, 441 F. App'x at 782 ("Claims for punitive damages merit 'closer scrutiny' when calculating the amount in controversy." (citation modified) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972))).

Moreover, there is an issue regarding Plaintiffs' capacity to sue for wrongful death, as only the duly appointed representative of a decedent's estate may bring such claims under New York law. *See* N.Y. Est. Powers & Trusts Law § 5–4.1(1). Defendants asserted in their answer that Plaintiff's complaint "fail[ed] to identify a personal representative duly appointed by [New York State] or any other jurisdiction to maintain th[e] cause of action [for wrongful death] as required by [EPTL § 5–4.1]." Dkt. 3 at ¶ 6. In response, Plaintiff Brenda Barfield represented that she was the duly appointed administrator of Brian's estate in Marlboro County, South Carolina. *See* Dkt. 5 at ¶ 20. That representation, however, not only fails to establish Plaintiff Stevie Barfield's capacity to sue, but it also fails to establish Plaintiff Brenda Barfield's own capacity to sue because it is unclear whether there are other distributees of Brian's estate. *See Sterling v. Admin. for Children Servs.*, 2025 WL 844418, at *6 (S.D.N.Y. Mar. 13, 2025) ("A nonlawyer beneficiary is not permitted to assert claims on behalf of a deceased person's estate *pro se* when there are other beneficiaries or creditors of that estate." (citation

4

modified) (citing *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010))).

## CONCLUSION

In light of the above, the parties are directed to respond to this order to show cause and address the following two issues: (1) whether the Court has subject matter jurisdiction over Plaintiffs' lawsuit; and (2) whether Plaintiffs have the capacity to sue for wrongful death under New York law. The parties' responses are due by July 30, 2025. Any replies are due by August 8, 2025.

SO ORDERED.

Dated:   July 9, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE